CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 3 0 2016

JULIA A. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| THOMAS D. HALE, | ) | CASE NO. 7:16CV00552 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| STATE OF TENNESSEE, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Thomas D. Hale, a Tennessee inmate proceeding pro se, filed this civil action against numerous Tennessee state officials and others, including Attorney General Eric Holder. The complaint lists various wrongs, crimes, and legal terms and cites Tennessee and federal laws, as well as phrases suggesting federal constitutional claims.[1] Liberally construing the allegations, the court docketed the pleading as a civil rights complaint under 42 U.S.C. § 1983 and/or Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Because Hale has not prepaid the requisite filing fee, the court assumes for purposes of this opinion that he is seeking to proceed in forma pauperis under 28 U.S.C. § 1915. Upon review of the record,

---

[1] The complaint begins:
No filing this Writ (test) against the peace and dignity of and by these and state also racketeering influences (peer) and corrupt organizations and gangs w/deliberate indifferences delaying/prolonging the cruel unusal [sic] excessive force enforced and offenses—against persons, offenses against property, offenses—against family, computer offenses, offenses against public health safety, welfare T.C.A. § 39-11-101 through—§ 39-17-154 and T.C.A. § 40-35-101 through § 40-35-514. Title VI and Title VII on and to in work, education,--treatments, or other programs, assignments, drug testing of—convicting(ed) felons, restricting/ed bed/cell or institutional assignments, inmate job compensation levels, disciplinary—actions and sanctions, discrimination, origin, race, etc. Liabilities accord and satisfaction w/arbitration [sic] and award, assumption of risk expressed, comparative fault including the identity or description of any other alleged tortfeasor.), discharge in bankruptcy, duress, estoppels, failure of considerations, fraud, illegality, laches, contributory negligence, license, payment, release, res judicata, statue of frauds, statue of limitations, statue of repose, waiver, (workers compensation "qualified individual" immunity, and anhy other matters constituting an affirmative offense—defending as a defense."
(Compl. 2, ECF No. 1.)

the court finds that the action must be summarily dismissed without prejudice, based on Hale's many prior civil actions that have been dismissed.[2]

The Prison Litigation Reform Act of 1995 substantially amended the in forma pauperis statute, 28 U.S.C. § 1915. The purpose of the Act was to require all prisoner civil litigants to pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim, unless the three-striker inmate shows "imminent danger of serious physical injury." § 1915(g).

Court records reflect that Hale has had numerous prior civil actions dismissed as frivolous, malicious, or for failure to state a claim. See, e.g., Hale v. State of Mine Mind and State of Emergencies, No. 1:16-CV-421-HSM-SKL (E.D. Tenn. Oct. 21, 2016) (order finding three "strikes" under 28 U.S.C. § 1915(g) and directing Hale to prepay $400 filing fee) (citing Hale v. Long, No. 1:06-cv-1109 (W.D. Tenn. June 26, 2007) (order dismissing case for failure to state a claim); Hale v. Long, No. 1:95-cv-0111 (M.D. Tenn. May 2, 1996) (order dismissing case as frivolous); Hale v. Williams, No. 1:94-cv-0145 (M.D. Tenn. Sept. 20, 1994) (order dismissing case as frivolous); Hale v. Rhea, No. 3:94-cv-0812 (M.D. Tenn. Sept. 19, 1994) (order dismissing case as frivolous); Hale v. Boyd, No. 1:94-cv-0141 (M.D. Tenn. Sept. 14, 1994) (order dismissing case as frivolous); Hale v. Cook, No. 1:16-cv-106 (E.D. Tenn. May 2, 2016) (order listing Hale's §1915(g) cases, denying him in forma pauperis status, and directing him to

---

[2] The court recognizes a likelihood that venue most properly lies in the United States District Court for the Eastern District of Tennessee, where Hale is currently confined and many defendants are apparently employed. Because the action must clearly be summarily dismissed based on Hale's prior frivolous lawsuits, however, the court concludes that dismissal of this case without prejudice, rather than transfer, furthers the ends of justice. See 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

2

pay the full filing fee); Hale v. Steele, No. 3:12-cv-0476 (M.D. Tenn. May 18, 2012) (same); and Hale v. NWCX, No. 1:11-cv-1083 (W.D. Tenn. Dec. 28, 2011) (same)). Because Hale clearly has three "strikes" under § 1915(g), Hale may proceed in forma pauperis (without prepayment of the filing fee) only if he can show that he faces imminent danger of serious physical injury. § 1915(g).

Hale's complaint uses English words and punctuation, but is otherwise incomprehensible.[3] The court finds no allegation suggesting that Hale is in imminent danger of serious physical injury so as to allow him to proceed with this lawsuit without prepayment of the filing fee. Moreover, Hale has clearly been notified by many past dismissal orders of his "three strikes" status. Accordingly, the court will summarily dismiss the complaint without prejudice under § 1915(g). An appropriate order will issue this day. The clerk will mail Hale a copy of that order and this memorandum opinion.

ENTER: This 29 day of November, 2016.

Chief United States District Judge

---

[3] For example, Hale states: "Please be advised I'm w/dissonance concerning some live-in boxing or street fights anywhere do to my expressed grief turned in and haltered formed so I know I'm a prize and won't be let down just like another 8b at WTSP X3 this time back to back before offended on computer offense." (Compl. 4.)